# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Harold Edwards,

    Petitioner

v.

State of Nevada, et al.,

    Respondents

Case No.: 2:18-cv-00346-JAD-PAL

**Order Staying Case**

[ECF Nos. 11, 13]

Adjudicated habitual criminal and pro se petitioner Harold Edwards is serving a 10–25 year sentence at Nevada's Southern Desert Correctional Center after he pled guilty to burglary. Edwards now moves to stay this petition under *Rhines v. Weber* to allow him to exhaust his claims in state court.[1] Because respondents have filed a notice of non-opposition,[2] and Edwards has demonstrated that a stay is warranted, I grant the motion.

## Discussion

In *Rhines v. Weber*,[3] the United States Supreme Court limited the district courts' discretion to allow habeas petitioners to return to state court to exhaust claims. When a petitioner pleads both exhausted and unexhausted claims—known as a mixed petition—the district court may stay the petition to allow the petitioner to return to state court to exhaust the unexhausted ones only if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics.[4]

---

[1] ECF No. 11. *Rhines v. Weber*, 544 U.S. 269 (2005).

[2] ECF No. 12.

[3] *Rhines v. Weber*, 544 U.S. 269 (2005).

[4] *Id*. at 277; *Gonzalez v. Wong*, 667 F.3d 965, 977–80 (9th Cir. 2011).

"[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust a claim in state court]."[5] "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will."[6] The Supreme Court's opinion in *Pace v. DiGuglielmo*,[7] suggests that this standard is not particularly stringent, as the High Court held that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' to excuse his failure to exhaust."[8]

In support of his stay request, Edwards explains that, after some case-number confusion between the Nevada Court of Appeals and the Nevada Supreme Court, his appeal of the denial of his state postconviction petition is now pending before the Nevada Supreme Court.[9] Respondents agree that it is appropriate to stay these federal proceedings to allow the state courts to consider Edwards's claims, and so do I. Accordingly,

IT IS HEREBY ORDERED that petitioner's motion for issuance of stay and abeyance of this federal habeas corpus proceeding **[ECF No. 11] is GRANTED**;

IT IS FURTHER ORDERED that respondents' second motion for extension of time to file a response to the petition [ECF No. 13] is **DENIED** as moot;

IT IS FURTHER ORDERED that this action is **STAYED** pending final resolution of petitioner's postconviction habeas petition. This stay is conditioned upon petitioner returning to

---

[5] *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).

[6] *Id*.

[7] *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

[8] *Pace*, 544 U.S. at 416 (citing *Rhines*, 544 U.S. at 278). *See also Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005) (the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*).

[9] ECF No. 11; Nevada Supreme Court Case No. 76590.

federal court with a motion to reopen the case within 45 days of the issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state-court proceedings on the postconviction habeas petition.

The Clerk of Court is directed to **ADMINISTRATIVELY CLOSE** this action.

Dated: February 7, 2019

_____
U.S. District Judge Jennifer A. Dorsey