|  |  |
|---|---|
| 1 | **UNITED STATES DISTRICT COURT** |
| 2 | **DISTRICT OF NEVADA** |

| | |
|---|---|
| Harold Edwards, | Case No. 2:18-cv-00346-JAD-BNW |
| Petitioner | **Order Granting Respondents' Motion to Dismiss and to File the PSR under Seal, Denying Petitioner's Motion for Summary Judgment, and Setting Merits Briefing Schedule** |
| v. | |
| State of Nevada, et al., | |
| Respondents | [ECF Nos. 27, 30, 40] |

Pro se petitioner Harold Edwards pled guilty to burglary, possession of credit or debit card without cardholder's consent, and battery on a protected person after stealing a Bellagio employee's backpack from her employee locker. He was adjudicated under the large habitual-criminal statute and sentenced to a term of 10–25 years in Nevada state prison. Edwards seeks a writ of habeas corpus under 28 U.S.C. § 2254.[1] Respondents move to dismiss grounds 1, 2, 4, and 5 as either not cognizable in federal habeas or defaulted, leaving unchallenged only his ineffective-assistance claims.[2] They also move to seal Edwards's presentence investigation report, which is filed as Exhibit 20 to the motion to dismiss. Edwards opposes the motion to dismiss,[3] and he filed a motion for summary judgment.[4]

Because I find that Ground 2 alleges only a state-law error for which federal habeas relief is not available, and because Grounds 1, 4, and 5 are procedurally barred, I dismiss these grounds. I also seal Exhibit 20 because it contains sensitive, confidential information. I then deny Edwards's summary judgment motion because that relief is not procedurally appropriate here.

---

[1] ECF No. 1-1.

[2] ECF No. 27.

[3] ECF No. 33.

[4] ECF No. 40.

**Procedural History and Background**

Edwards pleaded guilty to burglary, five counts of possession of credit or debit card without cardholder's consent, and battery on a protected person,[5] after a Bellagio employee's backpack went missing from her employee locker and surveillance tape showed Edwards emerging from an employee-only area with it.[6] In accordance with his guilty plea agreement, Edwards was adjudicated under the large habitual-criminal statute, and the state district court sentenced him to a term of 10–25 years in prison.[7] The judgment of conviction was filed on December 21, 2016.[8]

Edwards initially appealed, but he then filed a notice of withdrawal of appeal.[9] The Nevada Supreme Court ordered the appeal dismissed.[10] Ultimately, the Nevada Supreme Court affirmed the denial of his state postconviction habeas corpus petition.[11] In February 2018, Edwards dispatched his federal habeas petition for filing.[12]

**Discussion**

**I.    Motion to Dismiss Grounds 1, 2, 4, and 5 [ECF No. 27]**

**A.    Ground 2 is a state-law claim that is not cognizable in federal habeas.**

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States.[13] Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable

---

[5] Exh 18. Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 27, and are found at ECF Nos. 28–29.

[6] Exh. 3.

[7] Exh. 25.

[8] Exh. 30.

[9] Exhs. 26, 35.

[10] Exh. 36.

[11] Exh. 57.

[12] ECF No. 3.

[13] 28 U.S.C. § 2254(a).

2

under federal habeas corpus.[14]  A petitioner may not transform a state-law issue into a federal one merely by asserting a violation of due process.[15]  Alleged errors in the interpretation or application of state law do not warrant habeas relief.[16]

In Ground 2, Edwards asserts that the state district court abused its discretion when it denied his motion to withdraw his guilty plea.[17]  Respondents argue that this is a state-law claim only.[18]  They also point out that Edwards does not even identify a constitutional right impacted by these factual allegations. Indeed, Ground 2 alleges an error only in the application of Nevada state law.  Therefore, I dismiss Ground 2 for failure to state a claim for which federal habeas relief may be granted.

### B. Grounds 1, 4, and 5 are barred.

28 U.S.C. § 2254(d), a provision of the Antiterrorism and Effective Death Penalty Act (AEDPA), authorizes this court to grant habeas relief if the relevant state court decision was either: (1) contrary to clearly established federal law as determined by the Supreme Court or (2) involved an unreasonable application of clearly established federal law as determined by the Supreme Court.  A federal court will not review a claim for habeas relief if the state-court decision rested on a procedural state-law ground that is independent of the federal question and adequate to support the judgment[19] "unless the prisoner can demonstrate cause for the default and actual prejudice" from "the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."[20]  The procedural-default

---

[14] *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

[15] *Langford v. Day*, 110 F.3d 1380, 1381 (9th Cir. 1996).

[16] *Hubbart v. Knapp*, 379 F.3d 773, 779–80 (9th Cir. 2004).

[17] ECF No. 3 at 23–25.

[18] ECF No. 27 at 6.

[19] *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991).

[20] *Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).

3

doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases.[21]

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule.[22] For cause to exist, the external impediment must have prevented the petitioner from raising the claim.[23] To demonstrate a fundamental miscarriage of justice, a petitioner must show that the constitutional error complained of probably resulted in the conviction of an actually innocent person.[24] This is a narrow exception, and it is reserved for extraordinary cases only.[25] Bare allegations unsupplemented by evidence do not tend to establish actual innocence sufficient to overcome a procedural default.[26]

All of Edwards's claims in Grounds 1, 4, and 5 are procedurally barred. In Ground 1, Edwards argues that the court failed to comply with the requirements of the large habitual criminal statute at sentencing in violation of his Fourteenth Amendment due-process rights.[27] In Ground 4, he contends that the prosecutor committed misconduct when he retaliated against Edwards by proffering a plea deal that was less favorable to Edwards than an initial global plea deal involving another case that Edwards rejected.[28] And in Ground 5, Edwards asserts that his adjudication as a habitual criminal was so disproportionate to the offense that it constitutes cruel and unusual punishment in violation of the Eighth Amendment.[29] Edwards withdrew his direct

---

[21] *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

[22] *Murray*, 477 U.S. at 488 (emphasis added).

[23] *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

[24] *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

[25] *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992).

[26] *Thomas v. Goldsmith*, 979 F.2d 746, 750 (9th Cir. 1992).

[27] ECF No. 3 at 3–23.

[28] *Id. at* 30–33.

[29] *Id.* at 33–40.

4

appeal.[30] He then raised these three grounds for the first time in his state postconviction habeas petition.[31] The Nevada Supreme Court affirmed the denial of these claims (among others) as procedurally barred because they fell outside the scope of claims permissible in a postconviction habeas petition challenging a judgment of conviction based on a guilty plea.[32]

The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue in this case—NRS 34.810—is an independent and adequate state ground.[33] Therefore, the Nevada Supreme Court's determination that federal grounds 1, 4, and 5 were procedurally barred under NRS 34.810(1)(b) was an independent and adequate ground to affirm the denial of the claims in the state petition. The burden thus falls on Edwards to prove good cause for the default and actual prejudice.[34] Although Edwards responds that his claims demonstrate that his constitutional rights were violated, he does not argue that he can demonstrate cause and prejudice to excuse the default. I thus dismiss Grounds 1, 4, and 5 as procedurally barred.

## II. Motion to Seal Exhibit 20 [ECF No. 30]

Respondents move for leave to file Exhibit 20 to their motion to dismiss under seal.[35] Unless a particular court record is one "traditionally kept secret," there is a "strong presumption in favor of access" to the record.[36] Parties seeking to seal a judicial record must overcome this presumption by "articulat[ing] compelling reasons supported by specific factual findings" that outweigh the traditional right of public access to each document they seek to seal.[37] In general, compelling reasons for sealing exist when court records might become a vehicle for improper

---

[30] Exhs. 35, 36.

[31] Exh. 37.

[32] Exh. 57; NRS 34.810(1)(a).

[33] *Vang v. Nevada*, 329 F.3d 1069, 1073–75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210–12 (9th Cir. 1999).

[34] NRS 34.810(3).

[35] ECF No. 30.

[36] *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

[37] *Id*.

purposes, such as "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."[38]

Exhibit 20 is Edwards's presentence investigation report. I find that respondents have demonstrated compelling reasons to seal this document. A presentence investigation report is a type of state-court record that is traditionally given confidential treatment because it contains sensitive and private information like social-security numbers, family history, and medical information. The need to protect the personal and sensitive nature of the information in this document outweighs the traditional right of public access to this record. Accordingly, I grant respondents' motion to seal Exhibit 20 and direct the Clerk of Court to maintain the seal on this document.

**III.   Edwards's Motion for Summary Judgment [ECF No. 40]**

Finally, I note that Edwards has filed a motion for summary judgment asking the court to grant his habeas petition.[39] Summary judgment is available under Federal Rule of Civil Procedure 56 when the movant demonstrates in a civil lawsuit that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law.[40] With no explanation of why this substitute procedure should apply in this case, Edwards essentially asks this court to bypass a merits decision on his petition under 28 U.S.C. § 2254 in favor of a truncated summary-judgment decision.

But federal habeas relief is governed by statute and allows the court to grant a petition only if the state-court adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding. For this court to make that determination, it must first evaluate the full merits briefing on this petition, which has not yet been completed. This court will rule on

---

[38] *Demaree v. Pederson*, 887 F.3d 870, 884 (9th Cir. 2018) (quoting *Kamakana*, 447 F.3d at 1179).

[39] ECF No. 40.

[40] Fed. R. Civ. P. 56.

the merits of Edwards's petition after the respondents file an answer to the remaining claims and Edwards has an opportunity to reply. The motion for summary judgment is denied.

### Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss **[ECF No. 27] is GRANTED**. **Grounds 1, 2, 4, and 5 are dismissed**, leaving only the ineffective-assistance-of-counsel claims in Ground 3.

**IT IS FURTHER ORDERED** that respondents' motion for leave to file the presentence investigation report under seal **[ECF No. 30] is GRANTED. The Clerk of Court is directed to MAINTAIN THE SEAL on ECF No. 31.**

**IT IS FURTHER ORDERED** that petitioner's motion for summary judgment **[ECF No. 40] is DENIED.**

**IT IS FURTHER ORDERED** that **respondents have until April 28, 2020, to file an answer** to the petition; **petitioner will then have 45 days** after service of respondents' answer to file a reply.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: February 26, 2020