UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Harold Edwards, | Case No.: 2:18-cv-00346-JAD-BNW |
| Petitioner | |
| v. | **Order Denying Habeas Petition** |
| State of Nevada, et al., | [ECF No. 3] |
| Respondents | |

Pro se federal habeas petitioner Harold Edwards pled guilty to burglary, possession of credit or debit card without cardholder's consent, and battery on a protected person after stealing a Bellagio employee's backpack from her employee locker. He was adjudicated under Nevada's large habitual-criminal statute and sentenced to a term of 10–25 years in state prison. Edwards filed this petition under 28 U.S.C. § 2254[1] in 2018, and last year I dismissed four of his five grounds as defaulted or not cognizable in federal habeas.[2] The only remaining ground—ineffective assistance of counsel—has been fully briefed. I now address the claim on its merits. Because Edwards has not shown that his defense counsel was deficient in advising him to plead guilty and stipulate to habitual-offender status, or that he was prejudiced by counsel's investigation into his case, or that the state court's decision to the contrary unreasonably applied *Strickland v. Washington*, I deny the petition on its merits.

---

[1] ECF No. 1-1.
[2] ECF No. 46.

**Background**

Edwards pled guilty to burglary, battery on a protected person, and five counts of possession of credit or debit card without cardholder's consent,[3] after a Bellagio employee's backpack went missing from her employee locker and surveillance tape showed Edwards emerging from an employee-only area with it.[4] In accordance with his guilty plea agreement, Edwards was adjudicated under the large habitual-criminal statute, and the state district court sentenced him to a term of 10–25 years in prison.[5] The judgment of conviction was filed on December 21, 2016.[6]

Edwards initially appealed, but he then filed a notice of withdrawal of appeal.[7] The Nevada Supreme Court ordered the appeal dismissed,[8] but ultimately affirmed the denial of his state postconviction habeas corpus petition.[9] In February 2018, Edwards dispatched his federal habeas petition for filing.[10] After I dismissed four of the petition's five grounds,[11] respondents answered the remaining ground,[12] and Edwards replied.[13]

---

[3] Exh 18. Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 27, and are found at ECF Nos. 28–29.
[4] Exh. 3.
[5] Exh. 25.
[6] Exh. 30.
[7] Exhs. 26, 35.
[8] Exh. 36.
[9] Exh. 57.
[10] ECF No. 3.
[11] ECF No. 46.
[12] ECF No. 48.
[13] ECF No. 49.

## Discussion

## I. Legal standards

### A. Antiterrorism and Effective Death Penalty Act (AEDPA)

If a state court has adjudicated a habeas corpus claim on its merits, a federal district court may only grant habeas relief on that claim if the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[14] A state court acts contrary to clearly established federal law if it applies a rule contradicting the relevant holdings or reaches a different conclusion on materially indistinguishable facts.[15] And a state court unreasonably applies clearly established federal law if it engages in an objectively unreasonable application of the correct governing legal rule to the facts.[16] Section 2254 does not, however, "require state courts to *extend*" Supreme Court precedent "to a new context where it should apply" or "license federal courts to treat the failure to do so as error."[17] The "objectively unreasonable" standard is difficult to satisfy;[18] "even 'clear error' will not suffice."[19]

---

[14] 28 U.S.C. § 2254(d).

[15] *Price v. Vincent*, 538 U.S. 634, 640 (2003).

[16] *White v. Woodall*, 134 S. Ct. 1697, 1705–07 (2014).

[17] *White*, 134 S. Ct. 1705–06.

[18] *Metrish v. Lancaster*, 569 U.S. 351, 357–58 (2013).

[19] *Wood v. McDonald*, 135 S. Ct. 1372, 1376 (2015) (per curiam) (citation omitted); *see also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question . . . is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold.").

Habeas relief may only be granted if "there is no possibility [that] fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents."[20] As "a condition for obtaining habeas relief," a petitioner must show that the state-court decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement."[21]  "[S]o long as 'fairminded jurists could disagree' on the correctness of the state court's decision," habeas relief under Section 2254(d) is precluded.[22]  AEDPA "thus imposes a 'highly deferential standard for evaluating state-court rulings,' . . . and 'demands that state-court decisions be given the benefit of the doubt.'"[23]

If a federal district court finds that the state court committed an error under § 2254, the district court must then review the claim de novo.[24]  The petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to habeas relief,[25] but state-court factual findings are presumed correct unless rebutted by clear and convincing evidence.[26]

---

[20] *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

[21] *Id.* at 103.

[22] *Id.* at 101.

[23] *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations omitted).

[24] *Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

[25] *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

[26] 28 U.S.C. § 2254(e)(1).

### B. Ineffective Assistance of Counsel (IAC)

The right to counsel embodied in the Sixth Amendment provides "the right to the effective assistance of counsel."[27] Counsel can "deprive a defendant of the right to effective assistance[] simply by failing to render 'adequate legal assistance[.]'"[28] In the hallmark case of *Strickland v. Washington*, the United States Supreme Court held that an ineffective-assistance claim requires a petitioner to show that: (1) his counsel's representation fell below an objective standard of reasonableness under prevailing professional norms in light of all of the circumstances of the particular case;[29] and (2) it is reasonably probable that, but for counsel's errors, the result of the proceeding would have been different.[30]

A reasonable probability is "probability sufficient to undermine confidence in the outcome."[31] Any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct so as to avoid the distorting effects of hindsight.[32] "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practice or most common custom."[33] The burden is on the petitioner to overcome the presumption that counsel made sound trial-strategy decisions.[34]

---

[27] *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)).

[28] *Id.* (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 335–36 (1980)).

[29] *Strickland*, 466 U.S. at 690.

[30] *Id.* at 694.

[31] *Williams v. Taylor*, 529 U.S. 362, 390–91 (2000).

[32] *Strickland*, 466 U.S. at 689.

[33] *Harrington*, 562 U.S. at 104.

[34] *Id.*

The *Strickland* standard applies in the context of guilty pleas.[35] In a guilty-plea case, to prove deficient performance, the petitioner must show that his guilty plea did not "represent[] a voluntary and intelligent choice among the alternative[s] open to" him.[36] He "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases."[37] To prove prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial."[38]

The United States Supreme Court has described federal review of a state supreme court's decision on an ineffective-assistance claim as "doubly deferential."[39] So, district courts must "take a 'highly deferential' look at counsel's performance . . . through the 'deferential lens of § 2254(d)'" and consider only the record that was before the state court that adjudicated the claim on its merits.[40]

## II.  Evaluating Edwards's remaining claim

In his only remaining ground for federal habeas relief, Edwards argues that his Sixth Amendment right to counsel was violated because his defense attorney was ineffective. Edwards lists three reasons: counsel (a) "allowed [Edwards] to plead guilty and stipulate to habitual[-]offender status without reviewing the documents for proof of [prior] convictions," (b)

---

[35] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).
[36] *Id.* at 56 (citation omitted).
[37] *United States v. Signori*, 844 F.2d 635, 638 (9th Cir. 1988).
[38] *Hill*, 474 U.S. at 59.
[39] *Cullen*, 563 U.S. at 190 (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).
[40] *Id.* at 181–84, 190.

"unreasonably fail[ed] to meaningfully investigate [Edwards's] innocence," and (c) "fail[ed] to adequately investigate the facts of the case and prepare for trial."[41]  None of these reasons constitutes ineffective assistance of counsel under *Strickland*; even if they did, the state supreme court's decision to the contrary was reasonable under AEDPA.

### A. Ground 3(a)—allowing Edwards to plead guilty and stipulate to status

A defendant's "representations" at a plea "hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings."[42]  They are "give[n] 'substantial weight'"[43] and "carry a strong presumption of verity"[44] because they are the "best evidence"[45] of the defendant's then-existing state of mind.  A petitioner's "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal."[46]  Thus, a proper plea canvass is "sufficient" evidence of a knowing and voluntary plea.[47]

In his plea canvass, Edwards repeatedly responded that he was satisfied with his attorney's services and had discussed the plea agreement with his attorney, that he had read and understood the plea agreement, and that he was signing the agreement "voluntarily" and not "under duress or coercion."[48]  Edwards said that he understood that the parties "stipulate[d] to adjudication under the large[-]habitual[-]criminal statute;" that he would receive a 10–25-year

---

[41] ECF No. 3 at 25.
[42] *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977).
[43] *United States v. Kaczynski*, 239 F.3d 1108, 1115 (9th Cir. 2001).
[44] *Blackledge*, 431 U.S. at 74.
[45] *United States v. Jimenez-Dominguez*, 296 F.3d 863, 869 (9th Cir. 2002).
[46] *Id.* at 75 (citations omitted).
[47] *United States v. Baramdyka*, 95 F.3d 840, 844 (9th Cir. 1996).
[48] Exh. 17 at 7–8.

7

sentence; and that he was waiving his right to testify in his own defense, confront adverse witnesses at trial, and appeal his conviction.[49] He further acknowledged that "accepting [the] plea bargain [was] in his best interest and a trial would [have] be[en] contrary to [his] best interest," and that, per the agreement, two charges would be dismissed and Edwards's sentence in this case would run concurrently with another he was going to serve.[50] When the presiding judge asked him why he was pleading guilty, Edwards answered "I don't want to get life without parole."[51] And, before the judge accepted the negotiation, he asked Edwards whether he committed the crime he was pleading guilty to, and Edwards answered in the affirmative.[52]

At Edwards's first sentencing hearing, he argued that the three Illinois judgments of conviction that were submitted to the court to support his large-habitual-criminal adjudication were constitutionally infirm.[53] He contended that there was no proof that he was represented by counsel in two of the prior convictions because they did not list the name of his attorneys and the third was not a felony in Nevada.[54] The presiding judge continued the sentencing so the relevant documents could be retrieved from "the vault."[55] At Edwards's second sentencing hearing, the district judge, having "reviewed . . . the certified copies of convictions," and, "following [the] stipulation" in the negotiated plea agreement, found that "the State ha[d] met [its] responsibility" and "Mr. Edwards [was] wrong" about his rights being violated.[56]

---

[49] *Id.* at 5–6.
[50] *Id.* at 6, 8.
[51] *Id.* at 9.
[52] *Id.* at 9–10.
[53] Exh. 24 at 4–5.
[54] *Id.* at 4–5, 9.
[55] *Id.* at 3, 9.
[56] Exh. 25 at 3.

Upon state postconviction proceedings, the Nevada Supreme Court rejected Edwards's claim that counsel should not have convinced him to plead guilty because he "fail[ed] to demonstrate a reasonable probability that he would have insisted on going to trial absent counsel's alleged error given the benefit he received."[57] The court noted that, as a result of his pleading guilty, Edwards was given the least-harsh sentence available under Nevada law, two charges were dismissed, and the sentence would run concurrently with another district court case.[58] And the court recognized that the three "separate judgments of conviction[] were constitutionally valid on their face" and Edwards "failed to rebut the presumption of constitutional firmity."[59]

Here, Edwards repeats the conclusory allegations he presented to the state courts. He has not demonstrated that the prior judgments of conviction were constitutionally infirm or that, given the benefits he received in return for his plea, he would have proceeded to trial if counsel had brought the alleged infirmities to light. Even if these facts amounted to ineffective assistance under *Strickland*, Edwards fails to show that the state court's decision was "contrary to, or an unreasonable application of" *Strickland* or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" as required by AEDPA.[60] Federal habeas relief is denied as to ground 3(a).

**B.     Grounds 3(b) and 3(c)—inadequate investigation**

Edwards asserts that his counsel was ineffective because he failed to investigate Edwards's "claim of innocence and credible story" and failed to "investigate the facts of the case

---

[57] Exh. 57 at 4–5.
[58] *Id.*
[59] *Id.* (citations omitted).
[60] 28 U.S.C. §2254(d).

9

and prepare for trial."[61]  In support of this claim, Edwards cites his counsel's failure to file timely motions for discovery or case consolidation, and he alleges that counsel only visited him a couple of times and never discussed defense strategy.[62]  The Nevada Supreme Court rejected both of these sub-grounds, noting that Edwards did not identify what "counsel would have discovered with a more thorough or timely investigation" that would have led him to insist on going to trial.[63]  And Edwards did not show a reasonable probability that he would have gone to trial absent counsel's alleged deficient performance because his petition stated that he would "have preferred to have this case transferred to a different department and not that he would have insisted on going to trial."[64]

Edwards's claims in his federal petition that his counsel failed to investigate are similarly bare and unsupported.  He concedes that his counsel visited the scene of the crime to investigate his story.[65]  Counsel filed an ex-parte motion to permit access to non-public areas of the Bellagio and renewed Edwards's pro per discovery motion, both of which the court granted.[66]  The state supreme court's decision correctly points out that Edwards never alleges that, if counsel had investigated more, Edwards would have gone to trial—only that he would have preferred a different district-court department.  Counsel's performance was neither deficient nor prejudicial to Edwards, and the state court's decision was therefore a reasonable application of *Strickland*.  Federal habeas relief is thus denied as to grounds 3(b) and 3(c).

---

[61] ECF No. 3 at 25.
[62] *Id.* at 27–29.
[63] Exh. 57 at 4 (citing *Molina v. State*, 87 P.3d 533, 538 (Nev. 2004)).
[64] *Id.* at 4.
[65] ECF No. 3 at 28–29.
[66] Exhs. 12, 13, 15.

### III. Certificate of Appealability

The right to appeal from the district court's denial of a federal habeas petition requires a certificate of appealability. To obtain that certificate, the petitioner must make a "substantial showing of the denial of a constitutional right."[67] "Where a district court has rejected the constitutional claims on the merits," that showing "is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[68] Because I have rejected petitioner's constitutional claims on their merits, and he has not shown that this assessment of his claims is debatable or wrong, I find that a certificate of appealability is unwarranted in this case.

### Conclusion

IT IS THEREFORE ORDERED that the petition **[ECF No. 3] is DENIED**. And because reasonable jurists would not find my decision to deny this petition to be debatable or wrong, a **certificate of appealability is DENIED**.

The Clerk of the Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE.**

                                                                       _____
U.S. District Judge Jennifer A. Dorsey
September 1, 2021

---

[67] 28 U.S.C. § 2253(c).

[68] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077–79 (9th Cir. 2000).